Fixter v County of Livingston (2019 NY Slip Op 08303)





Fixter v County of Livingston


2019 NY Slip Op 08303


Decided on November 15, 2019


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 15, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., LINDLEY, DEJOSEPH, NEMOYER, AND TROUTMAN, JJ.


991 CA 19-00267

[*1]JANE FIXTER, PLAINTIFF-APPELLANT,
v
COUNTY OF LIVINGSTON, ET AL., DEFENDANTS, AND COUNCIL OF ALCOHOL AND SUBSTANCE ABUSE OF LIVINGSTON COUNTY, DEFENDANT-RESPONDENT. 






VAHEY GETZ, LLP, ROCHESTER (JON P. GETZ OF COUNSEL), FOR PLAINTIFF-APPELLANT.
GOLDBERG SEGALLA LLP, BUFFALO (MICHAEL E. APPELBAUM OF COUNSEL), FOR DEFENDANT-RESPONDENT. 


 Appeal from an order of the Supreme Court, Livingston County (Evelyn Frazee, J.), entered August 1, 2018. The order granted the motion of defendant Council of Alcohol and Substance Abuse of Livingston County for summary judgment dismissing the complaint and cross claims against it. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: Plaintiff commenced this action to recover damages for injuries that she sustained as a result of being incarcerated following her violation of certain conditions of her probation, including by testing positive for the use of alcohol. In 2010, plaintiff was convicted of felony driving while intoxicated and sentenced to six months in jail followed by a five-year period of probation. While plaintiff was on probation, she was subject to testing by drug treatment court for use of alcohol. In addition, she received treatment from the Council of Alcohol and Substance Abuse of Livingston County (defendant). In April 2013, an employee of drug treatment court collected a urine specimen from plaintiff, sealed it, labeled it with plaintiff's identifying information, and left it with defendant to be picked up by the laboratory for testing. The test yielded a positive result, which plaintiff disputed. Plaintiff was jailed shortly thereafter, and was eventually sentenced to incarceration on her violation of probation.
Plaintiff contends on appeal that Supreme Court erred in granting defendant's motion for summary judgment dismissing the complaint against it because issues of fact exist whether defendant was negligent in its handling of plaintiff's urine specimen. We reject that contention. "[A] duty of reasonable care owed by a tortfeasor to an injured party is elemental to any recovery in negligence" (Palka v Servicemaster Mgt. Servs. Corp., 83 NY2d 579, 584 [1994]). Although "a drug [or alcohol] testing laboratory can be liable to a test subject under the common law for negligent testing of a biological sample," that duty "does not encompass every step of the testing process" (Pasternack v Laboratory Corp. of Am. Holdings, 27 NY3d 817, 825-826 [2016], rearg denied 28 NY3d 956 [2016], citing, inter alia, Landon v Kroll Lab. Specialists, Inc., 22 NY3d 1, 6-7 [2013], rearg denied 22 NY3d 1084 [2014]). Here, defendant did not owe plaintiff a duty because its allegedly negligent conduct was "unrelated to the actual performance of scientific testing of the biological sample" (id. at 826).
Entered: November 15, 2019
Mark W. Bennett
Clerk of the Court